IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RICKY ALLEN DAUGHERTY,             §
TDCJ-CID NO. 1425199,              §
                                   §
            Plaintiff,             §
                                   §
v.                                 §        CIVIL ACTION NO. H-08-2487
                                   §
UNIVERSITY OF TEXAS MEDICAL        §
BRANCH, et al.,                    §
                                   §
            Defendants.            §

## MEMORANDUM OPINION AND ORDER

Ricky Allen Daugherty, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 alleging that the University of Texas Medical Branch ("UTMB"), which is contracted by the TDCJ-CID to provide medical care to inmates - and others,[1] violated his constitutional rights. Daugherty requests that this court issue an injunction requiring UTMB to perform surgery on his abdominal hernia. (Plaintiff's Complaint, Docket Entry No. 1) UTMB has filed Defendant's Motion for Summary Judgment. (Docket Entry No. 26) Also pending before the court are plaintiff's Motions for Appointment of Counsel (Docket Entry Nos. 9, 10, 23, 35), and Motion for Second Opinion

---

[1]There is some uncertainty as to who else Daugherty intends to bring this action against, and in what capacity. See below Section III, Part D, note 17.

(Docket Entry No. 24).[2] For the reasons explained below, Defendant's Motion for Summary Judgment will be granted, and all of plaintiff's motions will be denied.

## I.  Background

According to his complaint, Ricky Allen Daugherty, an inmate in the TDCJ-CID's C.T. Terrell Unit in Rosharon, Texas, suffers from an abdominal hernia, along with other serious medical conditions, including hepatitis C and internal bleeding.[3] Since July 2007 he has been in considerable pain due to the hernia, and has repeatedly asked prison officials to have the hernia operated on.[4] On several occasions medical staff at Daugherty's TDCJ-CID unit have referred him to UTMB's John Sealy Hospital for surgical consultation regarding his hernia.[5] However, hospital staff have declined to perform the surgery on the grounds that Daugherty is a poor surgical candidate due to his other serious medical conditions and could die during the surgery.[6] Daugherty filed this action requesting that the court issue an injunction ordering UTMB to

---

[2]Also filed with the court are Plaintiff's Motion for Written Objection (Docket Entry No. 27) and Plaintiff's Rebuttal Brief for Defendants Motion for Summary Judgement (Docket Entry No. 30), which will together be considered plaintiff's response to the motion for summary judgment.

[3]Complaint, Docket Entry No. 1, p. 2.

[4]Id. at 3.

[5]Id. at 4.

[6]Id. at 2.

perform the surgery and accusing UTMB and its employees[7] of deliberate indifference to his pain and suffering.[8]

## II.  Summary Judgment Standard

A court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Material facts are facts that may "affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issues of material fact. FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2553 (1986). Once the movant has met this burden, the non-movant must establish that there is a genuine issue for trial. See Anderson, 106 S.Ct. at 2511. If the non-movant is unable to meet this burden, the motion for summary judgment will be granted. FED. R. CIV. P. 56(c).

---

[7]Plaintiff's Rebuttal to Defendants Original Answer to Plaintiffs Original Complaint, Docket Entry No. 16, p. 1.

[8]Plaintiff's Rebuttal Brief for Defendants Motion for Summary Judgement, Docket Entry No. 30, p. 3.

-3-

### III.  Analysis

**A.   Liability Under § 1983**

In order to establish liability under § 1983 a plaintiff must show a deprivation of a right secured by federal law that occurred under color of state law and was caused by a state actor. Victoria W. v. Larpenter, 369 F.3d 475, 482 (5th Cir. 2004).  A § 1983 action is an appropriate means for a prisoner to bring allegations of a denial of medical care when such a denial violates a constitutionally protected right.  See id., 369 F.3d at 483.

**B.   Eighth Amendment Right to Medical Care in Prison**

The Eighth Amendment's prohibition against "cruel and unusual punishment" establishes the government's obligation to provide medical care for those whom it is punishing by incarceration, and creates a constitutional right to some level of medical treatment for prisoners.  Estelle v. Gamble, 97 S.Ct. 285, 290 (1976).  For a lack of medical care to rise to the level of a constitutional violation, prison officials must show "deliberate indifference" to the serious medical needs of prisoners, a much higher standard than negligence or malpractice.  Id. at 291-92.

Finding a violation of the Eighth Amendment's prohibition against cruel and unusual punishment requires a two-pronged analysis.  Gobert v. Caldwell, 463 F.3d 339, 345 (5th Cir. 2006). A plaintiff must (1) prove objective exposure to a substantial risk of serious harm and (2) show that prison officials acted or failed

-4-

to act with deliberate indifference to that risk.  Id. (citing
Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994)).

     The second prong of this analysis is a subjective test that
requires a prison official to have a culpable state of mind for
their act or omission to constitute deliberate indifference.
Brennan, 114 S.Ct. at 1979.  A prison official must know of and
recklessly disregard an excessive risk to inmate health and safety
to have a sufficiently culpable state of mind.  Id. at 1980.

     To demonstrate a culpable state of mind under the subjective
second prong "the plaintiff must show that the officials 'refused
to treat him, ignored his complaints, intentionally treated him
incorrectly or engaged in similar conduct that would evince a
wanton disregard for any serious medical need.'"  Domino v. Tex.
Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001)
(quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

     Medical records of sick calls, examinations, diagnoses, and
medications may rebut an inmate's allegations of deliberate
indifference.  Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir.
1995); see also Mendoza v. Lynaugh, 989 F.2d 191, 193-95 (5th Cir.
1993).  A disagreement between an inmate and his physician
concerning whether certain medical care was appropriate is
actionable under § 1983 only if there are exceptional
circumstances.  Banuelos, 41 F.3d at 235.  The decision of whether
to provide additional treatment "is a classic example of a matter
for medical judgment," which ordinarily does not constitute

deliberate indifference.   See Gobert, 463 F.3d at 346 (quoting
Estelle, 97 S.Ct. at 293).

A plaintiff may be able to demonstrate that a medical
professional's incorrect treatment decision constituted deliberate
indifference, but the standard adopted by courts in other circuits
suggests that the failure of judgment a plaintiff must demonstrate
is very high.   See Johnson v. Doughty, 433 F.3d 1001, 1013 (7th
Cir. 2006).   "[D]eliberate indifference may be inferred based upon
a medical professional's erroneous treatment decision only when the
medical professional's decision is such a substantial departure
from accepted professional judgment, practice, or standards as to
demonstrate that the person responsible did not base the decision
on such a judgment."   Estate of Cole by Pardue v. Fromm, 94 F.3d
254, 261-62 (7th Cir. 1996) (interpreting Youngberg v. Romeo, 102
S.Ct. 2452, 2461-62 (1982)).

C.   **No Showing of Deliberate Indifference**

UTMB contends that Daugherty has failed to show that he was
deprived of a constitutional right, and is therefore not entitled
to relief under § 1983.[9]   UTMB argues that under the second,

---

[9]UTMB does not contest the first prong of the Eighth Amendment standard; it does not
contend that a non-reducible hernia is not a serious medical condition.

Daugherty also appears to claim that UTMB was deliberately indifferent in the past when
his hernia was reducible, and they failed to operate on it.  Plaintiff's Complaint, Docket Entry
No. 1, p. 3.  However, reducible does not mean operable as Daugherty believes; instead, it means
(continued...)

subjective prong of the Cruel and Unusual test, Daugherty cannot prove deliberate indifference both because Daugherty received considerable care, and because the decision not to perform surgery was undertaken for valid medical reasons.[10]

As Daugherty himself states in his complaint, the surgery he desires has consistently been denied because of concerns about his other medical conditions and the risk that an operation could lead to his own death.[11] Daugherty's medical records indicate that along with the abdominal hernia, he suffers from cirrhosis, Hepatitis C, decreased white blood cell counts, and diabetes, and has had several banding procedures to prevent esophageal bleeding.[12] Due to these chronic problems, Daugherty has been consistently

---

[9](...continued)
that the hernia can be returned to its normal position. Stedman's Medical Dictionary 813 (27th ed., Lippincott, Williams & Wilkins 2000). A reducible hernia may not always be a serious medical condition, and courts have previously found that a failure to operate on a reducible hernia was not deliberate indifference, if there was a medical reason for the decision. Day v. Lantz, 2009 WL 801612 *3 (D. Conn. 2009). In any case, there is no indication that Daugherty's other medical conditions would have permitted surgery at that time, regardless of the seriousness of the hernia.

[10]Defendant's Motion for Summary Judgment, Docket Entry No. 26, p. 1.

[11]Complaint, Docket Entry No. 1, p. 2.

[12]Medical Records attached to Defendant's Motion for Summary Judgment, Docket Entry No. 26-4, pp. 2-10. Defendant also mentions that Daugherty is suffering from an enlarged spleen, Docket Entry No. 26, p. 5. However, the court has not been able to verify this based on the medical records provided.

–7–

considered a poor surgical candidate.[13]   Even the handwritten
transcriptions of his medical records that Daugherty included in
his response reflect this determination.[14]  Based on this documented
medical history, the decision of the surgeons at UTMB John Sealy
Hospital to not operate on Daugherty was not deliberate
indifference to a serious medical need, but instead appears to have
been a reasonable medical decision to not proceed with an operation
with a low chance of success and a high risk of causing Daugherty's
death.[15]

     Even if Daugherty could show that the decision was somehow
incorrect, he still could not prove deliberate indifference.  The
frequent consultations, hospital visits, and medical prescriptions
Daugherty has been provided all show that his medical condition has
not been ignored or intentionally mistreated.  The affidavit of
Dr. Gore also supports UTMB's contention that the decision to not
operate on Daugherty was not an error in medical judgment, let
alone an error so outside the normal standard of care that it would
indicate that the decision was not based on medical judgment.[16]

---

[13]Medical Records attached to Defendant's Motion for Summary Judgment, Docket Entry
No. 26-4, pp. 2-10.

[14]Plaintiff's Rebuttal to Defendants Original Answer to Plaintiffs Original Complaint,
Docket Entry No. 16, p. 4.

[15]Affidavit of Dennis C. Gore, M.D., Docket Entry No. 26-3, p. 2.

[16]Affidavit of Dennis C. Gore, M.D., Docket Entry No. 26-3, p. 2.

Daugherty provides no evidence to dispute the accuracy of Dr. Gore's statement.

Daugherty's contention that the decision by UTMB employees not to operate is wrong simply represents a disagreement between an inmate and his physician about the appropriateness of medical care, which will rarely, if ever, create a constitutional issue.  While Daugherty's desire to have the hernia removed is understandable, given the pain he has been suffering, the evidence presented by both UTMB and Daugherty indicates that the decision by UTMB employees to not remove the hernia has been made for valid medical reasons; and such a decision simply does not rise to the level of a constitutional violation.  Because Daugherty does not present evidence that would demonstrate the violation of a constitutional right, no genuine issue of material fact exists, and summary judgment is correct.

**D.   Eleventh Amendment Immunity**

An extensive consideration of Defendant UTMB's Eleventh Amendment immunity claims is unnecessary, as Daugherty's deliberate indifference claim fails on the merits.  Nonetheless, as the defendant correctly states, Daugherty's action against UTMB itself must fail because UTMB is a state agency, and so is not considered a "person" against whom relief can be sought under § 1983.  See Will v. Mich. Dept. of State Police, 109 S.Ct. 2304, 2309 (1989) (declaring that states are not "persons" under § 1983); see, e.g.,

Nelson v. Univ. of Tex. at Dallas, 535 F.3d 318, 320 (5th Cir.
2008) (holding University of Texas branches are state agencies, a
suit against them is considered a suit against the State of Texas).
As UTMB itself is entitled to Eleventh Amendment immunity, any
claim by Daugherty against it must fail.[17]

## IV.   Motions to Appoint Counsel

Daugherty has moved for court-appointed counsel.  In general,
there is no right to court-appointed counsel in civil rights cases.
Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989).  Appointment
of counsel is not warranted in this matter due to the elementary
nature of its issues.  Wendell v. Asher, 162 F.3d 887, 892 (5th
Cir. 1998).  The Motions for Appointment of Counsel (Docket Entry
Nos. 9, 10, 23, and 35) will be denied.

---

[17]It is less clear that Daugherty has not made a valid claim under the exception to
Eleventh Amendment immunity created by the Supreme Court in Ex parte Young, 28 S.Ct. 441
(1908), which would allow him to bring a suit for prospective injunctive relief against a state
employee in their official capacity.  See McCarthy ex rel. Travis v. Hawkins, 381 F.3d 407, 412
(5th Cir. 2004).  Daugherty requests injunctive relief and refers to the actions of "UTMB and its
employees," labels the defendants in the case as "UTMB et al.," and names individual doctors at
the prison, even if he does not indicate an intent to bring the suit against them specifically.
Docket Entry No. 16, pp. 1-2.  If Daugherty raised a valid claim of deliberate indifference, the
court might construe his pro se claims liberally to have been brought against individual
employees of UTMB in their official capacity, or allow him leave to refile the motion in a more
proper form.  However, because his claim does not present a colorable violation of a
constitutional right, the issue is moot, and any attempt to refile would be futile.

## V.  <u>Motion for Second Opinion</u>

Daugherty requests that the court require UTMB to get a second opinion on his medical condition at a "reputable hospital."[18]  There is no evidence that Daugherty has received substandard care, let alone care so deficient as to rise to the level of a constitutional violation, or any evidence to suggest that a different hospital would take a different view of Daugherty's condition.  Daugherty's request simply indicates a disagreement between an inmate and a physician, which normally will not create a constitutional issue.  <u>Banuelos</u>, 41 F.3d at 235.  Even if Daugherty could show he was receiving sub-par care, there is no guarantee of perfect health care in prison.  <u>See</u> <u>Estelle</u>, 97 S.Ct. at 290-291.  Daugherty's Motion for Second Opinion (Docket Entry No. 24) will therefore be denied.

## VI.  <u>Conclusion</u>

For the reasons explained above, the court concludes that Daugherty's constitutionally protected right to be free from Cruel and Unusual Punishment was not violated, and so he is not entitled to relief on his § 1983 complaint.  The reasonable medical decision of medical professionals to not perform surgery does not amount to deliberate indifference.  Defendant UTMB's Motion for Summary Judgment (Docket Entry No. 26) is therefore **GRANTED**, and

---

[18]Motion for Second Opinion, Docket Entry No. 24, p. 1.

Daugherty's § 1983 action (Docket Entry No. 1) is **DISMISSED**.
Plaintiff Daugherty's Motions for Appointment of Counsel and for
Second Opinion (Docket Entry Nos. 9, 10, 23, 24, and 35) are
**DENIED**.

     **SIGNED** at Houston, Texas, on this the 29th day of July, 2009.

                                                      SIM LAKE
                           UNITED STATES DISTRICT JUDGE